# IN THE MATTER OF JAIME COLOM Y PONS, Bankrupt.

San Juan, Bankruptcy, No. 13.

1. Fact case. Compromise by bankrupt and trustee with one claiming a part of the estate approved.
2. The money produced by said settlement must be paid to the trustee, for the benefit of the creditors.

Opinion filed January 10, 1908.

*Messrs. Hartzell & Rodriguez Serra* and *Mr. Rafael Guillermety,* attorneys for bankrupt.

RODEY, Judge, delivered the following opinion:

On December 11, 1903, the above-named Jaime Colom y Pons filed his duly verified petition in bankruptcy in this court, and was in due course thereafter adjudged a bankrupt, and the cause referred to the referee in bankruptcy, before whom such proceedings were thereafter had, as that Jaime Antonio Arbona was, by the creditors, duly elected and thereafter properly qualified as trustee in bankruptcy of said estate, and immediately took charge thereof. It has been represented to the court by the said referee in bankruptcy and by Messrs. Hartzell & Rodriguez, counsel for the said bankrupt, that since the date

## Matter of Jaime Colom y Pons.

of the filing of the petition herein, and since the proving up of their several claims by the creditors before said referee, as required by law, the said bankrupt has in fact compromised and settled with nearly all of his creditors. It also appears that said bankrupt, by Rafael Guillermety, who appeared in the case as additional counsel for him at the time, did, on July 22, 1907, file in this court a motion or petition for his discharge, but which said motion or petition has not yet been brought on for hearing, nor has the same yet been acted upon by the court.

It further appears that the bankrupt counted in his estate as an asset thereof in his petition, a coffee plantation known as "La Mallorquina," situated in the jurisdiction of Ciales, Porto Rico, containing some 636 cuerdas of land with a considerable number of buildings and some machinery and other property thereon, and that the value of the same in his schedule was fixed at the sum of $14,000. From an examination of the entire record as now made, and there has been much litigation over this plantation, the court is of opinion that it is very doubtful whether said plantation, at the time of the filing of the petition in bankruptcy herein, did in fact form any part of the estate of the said bankrupt, or that he was entitled to make any claim against the same, because it is certain from the record that the same had theretofore or was shortly thereafter, after elaborate and complicated proceedings to that end, by the district court at Arecibo, on this island, been duly and finally adjudicated, so far as that court was concerned, to one Juliana Colon y Alvarado, on a mortgage given as long ago as 1897 by the bankrupt on the property in question, and which mortgage, at the time of the final foreclosure, amounted, with interest and costs, to something over $18,000. Further, it is

probable that she was, at such time, in so far as the judgment
or decree of said court could make it so, then entitled to the
possession thereof, and that it was doubtful whether the trustee
in bankruptcy herein ever in fact had any right to go into
possession of the same as he did, or to count the same as an
asset in the premises. However, it appears from the record
that the bankrupt would not willingly give up possession to her
of the said plantation and appurtenances, and that the trustee,
probably instigated thereunto by the bankrupt, claimed
some equity in said property which he supposed could
be counted as an asset for the estate, and so he entered
into possession thereof and refused to give the same up to the
officer of said district court on its order or execution. It
further appears that, after the trustee went into possession of
the plantation, extensive and annoying proceedings were had
against him by the said Juliana Colon y Alvarado in said dis-
trict court aforesaid, with a view to dispossessing him and
putting her into possession. Pending the dispute over this
whole matter, and some three years thereafter, and on the 22d
day of January, 1907 (but which was finally executed on the
29th of said month) while this court was holding its session in
the district of Ponce, the said bankrupt, no doubt being advised
thereunto by his counsel, and realizing the position in which
matters stood, and the probable fact that nothing could be re-
covered or realized from the situation or out of this plantation,
as an asset for his estate, he, the said bankrupt, and the trustee,
Jaime Antonio Arbona, in person and by Messrs. Hartzell &
Rodriguez, as their attorneys, by leave of court, after full hear-
ing first had and obtained, entered into a written contract with
the said Mrs. Juliana Colon y Alvarado who was then and there
represented by her son, Francisco Alvarado, and by her counsel,

Matter of Jaime Colom y Pons.

Messrs. Tord, Toro, & Canales, with reference to said planta-
tion. Said written agreement is made a part of the court's rec-
ord and is to be found in journal No. 1, at pages 478–9 of the
records of this court in the Ponce district, and a copy thereof is
in the files.

By this written agreement said trustee and the bankrupt
in substance admitted, conceded, and confessed that the title
to the plantation in question had theretofore been properly and
lawfully adjudicated by the said district court of Arecibo to
the said Juliana Colon y Alvarado, and that she was the owner
thereof, and entitled to the immediate possession of the same,
but that, in consideration of the settlement of the dispute, and
the making of the agreement thereby entered into, that she
should and did, in and by said agreement, agree to sell said
plantation to any purchaser the trustee or the bankrupt should
procure for the same on or before the 22d day of July, 1907,
then next following, for the sum of $18,000, $6,000 of which
was to be paid in cash by said purchaser to the said Mrs.
Juliana Colon y Alvarado on said 22d day of July, 1907, less
such amount as might be deducted therefrom on account of any
profit realized from said plantation through the conducting of
the same in the meantime by the said Mrs. Juliana Colon y
Alvarado.

Notwithstanding the execution of this contract and agree-
ment, there appears to have occurred considerable negligence
on the part of some one in connection therewith, because it
does not appear that proper action was taken thereafter in the
premises, as to the delivery of the possession of the plantation
to Mrs. Juliana Colon y Alvardo or as to notice to the parties
as to where this settlement or agreement to be had on July 22,
1907, should take place.

Matter of Jaime Colom y Pons.

It transpires that this court adjourned for the term on the 2d day of July, and that the judge went to the States in company with a large number of members of the bar, on a vacation, and that, on said 22d day of July, the said bankrupt and said trustee, in default of finding the judge of the court or their counsel, Messrs. Hartzell & Rodriguez, present in San Juan, Porto Rico, appeared before Andrés B. Crosas, the referee in bankruptcy, at said San Juan, where said bankruptcy case was pending, and there offered to enter into an accounting under the terms of the said contract or agreement, to ascertain what, if any, sum should be so deducted from the $6,000 payment, for the profits or damage that had accrued under the same, and stated to said referee that when such balance was ascertained they were then and there ready and willing to pay the balance, and that they had a purchaser then and there ready, although they did not give his name, to purchase said estate and make such payment, and who was ready and willing to execute a mortgage to the said Juliana Colon y Alvarado for the balance of purchase money of $12,000, to be payable $6,000 in one year from that date and the remaining $6,000 in two years from that date, without interest, all as provided in the contract. But it appears that Mrs. Juliana Colon y Alvarado and her counsel had no knowledge of the appearance of the trustee and bankrupt before the referee, or of the making of this offer at such time, and that her counsel were, on said date, ready and willing to accept the said money and to make such deed and to receive said mortgage, but that, after diligent effort in that behalf, which they certainly made, they could find no one in or around the court and no one representing the bankrupt or trustee who appeared to have any authority to carry out said agreement. In consequence of this misunderstanding Messrs.

Tord, Toro, & Canales, counsel for the said Mrs. Juliana Colom
y Alvarado, appeared in open court on December 18, 1907,.
when the court was again in session in Ponce, and represented
that they had made such effort on the 22d day of July previous,.
to carry out their part of the contract for their client, but that.
the bankrupt and the trustee had in that behalf made default ;.
and they further represented that they were, on and after said.
22d day of July, 1907, ready and willing, and were then, on
said date, in open court, ready and willing, to accept the alter--
native provision of the written contract of January 22d afore-
said, to pay into the bankrupt estate the sum of $2,000 in cash,.
in consideration of the said trustee in bankruptcy and the said
bankrupt being forever estopped from making any alleged claim.
to said plantation, as provided in the contract.

Thereupon the court entered an order finding that said state--
ment was probably true, and ordered the said Tord, Toro, &.
Canales, as representing the said Mrs. Juliana Colon y Alvara-
do, to at once cite the bankrupt and trustee, as well as his coun-
sel, giving them five days' notice in the premises, to appear be-
fore the court, either in open session or at chambers at San
Juan, for such action as the court might see fit to take in the
premises.   This notice was thereafter given, and such citation.
duly made, and on December 27, 1907, all the parties in the
premises, either in their own proper persons or by counsel, ap-
peared before the court at San Juan, when the fact of this
misunderstanding as to the parties having appeared before
the referee in bankruptcy on July 22d previous was ascertained.
Whereupon the court ordered all the parties to again appear on
the 8th day of January, 1908, following, the said Mrs. Juliana
Colon y Alvarado to then and there have and render a full ac-
count of her administration of the property in question since

she took possession of it to date, and the bankrupt and trustee to be then and there ready with their proofs, if any they had, and with a purchaser, as provided for in the contract, so as to abide by any order the court should make in the premises, and that all the parties should then and there submit the entire controversy, so far as this plantation is concerned, to the court for final adjudication, which was agreed to.

And thereafter, on said January 8, 1908, all the parties appeared, the bankrupt and the trustee appearing in person and being represented by their counsel, Messrs. Hartzell & Rodriguez, and Mrs. Juliana Colon y Alvarado appearing by her son, Francisco Alvardo, and by her counsel, Messrs. Tord, Toro, & Canales, when a full hearing was had in open court in the premises, and from the evidence introduced the following facts appeared: That although the contract between the parties was made in the latter part of January, 1907, of which fact, of course, both the bankrupt and the trustee well knew, as they had signed the same, still the trustee refused to give up possession of the plantation to the representative of Mrs. Colon, who came there shortly thereafter, and whom they well knew was her representative, but, on the contrary, for some unaccountable reason, which the trustee claims was the lack of a proper court order, refused to deliver possession to him, and continued to so refuse until the fore part of April following. A portion only of the coffee crop had been gathered in the latter part of January, when this contract was made, and this trustee, who is a son-in-law of the bankrupt, thus captiously, as we think, not only refused to give immediate possession of the plantation to Mrs. Colon under the terms of the contract, but also, in what we consider an inexplicably foolish, or perhaps worse, in an almost criminally careless manner, left what

### Matter of Jaime Colom y Pons.

he claims was some 500 quintals of coffee, worth nearly $5,000, on the trees, to ripen, fall to the ground, and rot, during the months of February and March, while refusing to give up the possession of the place to Mrs. Colon, so that, when her agent took possession, he found no coffee there at all. The court could not ascertain definitely from the evidence whether such a quantity of coffee had in fact been lost, or whether the claim in that behalf was exaggerated, or is just simulated, in whole or in part, with a view to getting a credit on the $6,000 payment under the contract.

Mrs. Colon proved by her son and her agent aforesaid, that since taking possession of the plantation, in the fore part of April, 1907, she had received no income worth mentioning from the place, and had paid out in cash for the purchase of supplies for and the working and cleaning of the plantation, $2,440.49. That $549.15 of this sum was paid out before July 22d, and $375.62 thereof was also paid out before that date for taxes. Of course, all this money for expense has gone for the betterment of the plantation, and the personal property bought is still there. Francisco Alvarado, Mrs. Colon's son, testified that he had now gathered from the present year's crop of coffee of said plantation, about 175 quintals, which is worth at the market price about $1,750, which, if Mrs. Colon is allowed to keep, leaves her still a loser, if required to give up the plantation, of about $690.

In examining the papers of this cause, as we have done, and in hearing the witnesses testify, and in hearing the statements and arguments of counsel, we have become fairly well acquainted with the controversy, and we are satisfied that the bankrupt probably went into bankruptcy in an effort to, in some manner, thwart the collection of this particular mortgage debt.

Matter of Jaime Colom y Pons.

We notice that he has managed to prevent her from collecting it for more than five years. We note also that counsel for the bankrupt claims that the plantation in question is worth anywhere from thirty to forty thousand dollars; but we do not think this is a fair statement of its value, because, were it worth any such amount, the bankrupt surely could easily have paid his debts, and he never would have had to file his petition in bankruptcy. Furthermore, he put it in his schedule at $14,000, and made oath to the schedule. Moreover, when this contract was made between the parties a year ago, Mrs. Colon offered to sell it back to him at the exact amount of her debt, without interest, and get only one third of the purchase price in cash. The evidence further shows us that the bankrupt probably dominated the trustee, and that if he in fact foolishly did let four or five thousand dollars' worth of coffee, or anything like that quantity, ripen, rot, and go to waste, that it can, in a measure, be held to be the bankrupt's own act, for he ought to have looked after it; and, therefore, if Mrs. Colon has to give up the plantation now, she ought not, besides this additional delay, to be subjected to an additional loss, especially as the contract provides, and she is willing to abide by it, that, if allowed to keep the plantation, she will pay $2,000 in cash into the bankrupt's estate, and, of course, that is where all funds must go for the benefit of creditors.

Therefore we hold that because of the several misunderstandings which have occurred in connection with this matter, the contract of January 29th, 1907, between the parties, is still subsisting, and that the bankrupt and trustee still have the privilege of procuring a purchaser for the said plantation thereunder. But that they or the said purchaser are not entitled to any credit on the said payment of $6,000 by reason

III. PORTO RICO—19.

of any alleged damage to or profit from said plantation, and that said Mrs. Juliana Colon y Alvarado, on the contrary, shall be and is entitled to gather an additional number of quintals of coffee so as to make the whole number she shall gather for her own account out of this present, 1907-08, crop, 240 quintals, to reimburse her for the $2,440 she has expended in the premises. That the purchaser so to be procured by the bank-rupt and trustee must, within ten days from the date of the filing hereof, in addition, pay to her the $6,000 provided for in the contract, and she shall thereafter be required, at her own cost, to immediately deed to such purchaser the plantation in question, and deliver up the same to him, with all its appur-tenances, and all the goods, chattels, mules, and other property now existing which she received with the same, or has since purchased with the money she expended thereon, as aforesaid, and to immediately receive back from him, at his cost, a prop-erly executed mortgage upon and of the same to secure the two deferred payments, without interest, of $6,000 each, payable in one and two years respectively from said date when such mortgage is to be made.

That in default of this payment being made within such time (and the tender in that behalf may be made to the clerk of this court), Mrs. Juliana Colon y Alvarado shall have the right, under the alternative provision of the contract, to pay to the clerk of this court, to be covered into the registry and held for said trustee for the benefit of said bankrupt estate until the further order of the court, the sum of $2,000; and, if the same is so done, the court will then at once enter a proper or-der or decree, forever shutting out and barring the bankrupt estate and the trustee thereof, as well as said bankrupt, from having or claiming any right or interest of any kind or charac-

ter whatsoever as against said Juliana Colon y Alvarado in and to the said "La Mallorquiná" plantation, and it is so ordered.

It is further ordered that each party shall pay his own costs in this controversy.